E-FILED 5/13/09

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PROVIDENTE, | CASE NO. CV09-3327 PSG(JWJx) |
| Plaintiff, | **STANDING ORDER REGARDING NEWLY ASSIGNED CASES** |
| v. | |
| CITY OF EL MONTE, et al., | |
| Defendants. | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE.**

This action has been assigned to the calendar of Judge Philip S. Gutierrez. The responsibility for the progress of litigation in the Federal Courts falls not only upon the attorneys in the action, but upon the Court as well.  "To secure the just, speedy, and inexpensive determination of every action," Fed. R. Civ. P.1, all counsel are hereby ordered to familiarize themselves with the Fed. R. Civ. P. , particularly Fed. R. Civ. P. 16, 26, the Local Rules of the Central District of

California, this Court's Order for Jury Trial, and this Court's Order for Court
Trial.[1]

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING
RULES SHALL APPLY:**

    **1.**     <u>**Service of the Complaint**</u>.  The Plaintiff(s) shall promptly serve the
Complaint in accordance with Fed. R. Civ. P. 4 and file the proofs of service
pursuant to Local Rule.  Any Defendant(s) not timely served shall be dismissed
from the action without prejudice.  Any "DOE" or fictitiously-named Defendant(s)
who is not identified and served within 120 days after the case is filed shall be
dismissed pursuant to Fed. R. Civ. P. 4(m).

    **2.**     <u>**Removed Actions**</u>.  Any answers filed in state court must be refiled
in this Court as a supplement to the petition.  Any pending motions must be re-
noticed in accordance with Local Rule.  If an action is removed to this Court that
contains a form pleading, i.e., a pleading in which boxes are checked, the party or
parties utilizing the form pleading must file an appropriate pleading with this Court
within thirty (30) days of receipt of the Notice of Removal.  The appropriate
pleading referred to must comply with the requirements of Fed. R. Civ. P. 7, 7.1, 8,
9, 10 and 11.

    **3.**     <u>**Presence of Lead Counsel.**</u>  The attorney attending any proceeding
before this Court, including all status and settlement conferences, must be the lead
trial counsel.

---

[1]Copies of the Local Rules are available on our website at "http:\\www.cacd.uscourts.gov" or they may be purchased from one of the following:

| | | |
|---|---|---|
| Los Angeles Daily Journal | West Group | Metropolitan News |
| 915 East 1st Street | 610 Opperman Drive | 210 South Spring Street |
| Los Angeles, CA 90012 | P.O. Box 64526 | Los Angeles, CA 90012 |
| | St. Paul, MN 55164-0526 | |

**4.    Discovery.**  All discovery matters have been referred to a United States Magistrate Judge to hear all discovery disputes.  (The Magistrate Judge's initials follow the Judge's initials next to the case number.)  All documents must include the words "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing.  Please do <u>not</u> deliver mandatory chambers copies of these papers to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.  Any party may file and serve a motion for review and reconsideration before this Court.  The moving party must file and serve the motion within ten (10) days of service of a written ruling or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling.  The motion must specify which portions of the text are clearly erroneous or contrary to law, and the claim must be supported by points and authorities.  Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

**5.    Motions - General Requirements**

a.  <u>Time for Filing and Hearing Motions</u>:  Motions shall be filed in accordance with Local Rule 7.  This Court hears motions on Mondays, beginning at 1:30 p.m.  If the motion date selected is not available, the Court will issue a minute order striking the motion.  Opposition or reply papers due on a holiday must be filed the preceding Friday - not the following Tuesday, and must be hand-delivered or faxed to opposing counsel on that Friday.  Professional courtesy dictates that moving parties should, whenever possible, avoid filing motions for which opposition papers will be due the Friday preceding a holiday.  Such a filing is likely to cause a requested continuance to be granted.

1    Adherence to the timing requirements is mandatory for Chambers'

2    preparation of motion matters.

3    b.  <u>Pre-filing Requirement</u>:  Counsel must comply with Local Rule 7-3,

4    which requires counsel to engage in a pre-filing conference "to discuss

5    thoroughly . . . the substance of the contemplated motion and any potential

6    resolution."  Counsel should discuss the issues to a sufficient degree that if a

7    motion is still necessary, the briefing may be directed to those substantive issues

8    requiring resolution by the Court.  Counsel should resolve minor procedural or

9    other non-substantive matters during the conference.  The *pro per* status of one or

10    more parties does not negate this requirement.

11    c.  <u>Length and Format of Motion Papers</u>: Memoranda of points and

12    authorities in support of or in opposition to motions shall not exceed 25 pages.

13    Replies shall not exceed 12 pages.  Only in rare instances and for good cause

14    shown will the Court grant an application to extend these page limitations.

15    Pursuant to Local Rule, either a proportionally spaced or monospaced face may be

16    used.  A proportionally spaced face must be 14-point or larger, or as the Court may

17    otherwise order.  A monospaced face may not contain more than 10½ characters

18    per inch.

19    d.  <u>Citations to Case Law</u>:  Citations to case law must identify not only the

20    case cited, but the specific page referenced.

21    e.  <u>Citations to Other Sources</u>:  Statutory references should identify with

22    specificity the sections and subsections referenced (*e.g.*, Jurisdiction over this

23    cause of action may appropriately be found in 47 U.S.C. § 33, which grants the

24    district courts jurisdiction over all offenses of the Submarine Cable Act, whether

25    the infraction occurred within the territorial waters of the United States or on board

26    a vessel of the United States outside said waters).  Statutory references that do not

27    specifically indicate the appropriate section and subsection (*e.g.*, Plaintiffs allege

28                                              4

1   conduct in violation of the Federal Electronic Communication Privacy Act, 18

2   U.S.C. § 2511, et seq.) are to be avoided.  Citations to treatises, manuals, and other

3   materials should include the volume, section, and pages being referenced.

4        f.  <u>Oral Argument</u>:  If the Court deems a matter appropriate for decision

5   without oral argument, the Court will notify the parties in advance.

6        **6.    Specific Motion Requirements**

7        a.  <u>Motions Pursuant to Rule 12</u>:  Many motions to dismiss or to strike can

8   be avoided if the parties confer in good faith (as required under Local Rule 7-3),

9   especially for perceived defects in a complaint, answer, or counterclaim that could

10  be corrected by amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.

11  1996) (where a motion to dismiss is granted, a district court should provide leave

12  to amend unless it is clear that the complaint could not be saved by any

13  amendment).  Moreover, a party has the right to amend the complaint "once as a

14  matter of course at any time before a responsive pleading is served."  Fed. R. Civ.

15  P. 15(a).  A Rule 12(b)(6) motion is not a responsive pleading and therefore

16  plaintiff might have a right to amend.  *See St. Michael's Convalescent Hospital v.*

17  *California*, 643 F.2d 1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris*, 450 F.2d 958,

18  958-59 (9th Cir. 1971).  Even after a complaint has been amended or a responsive

19  pleading has been served, the Federal Rules provide that leave to amend should be

20  "freely given when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit

21  requires that this policy favoring amendment be applied with "extreme liberality."

22  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

23       These principles require that plaintiff's counsel carefully evaluate

24  defendant's contentions as to the deficiencies in the complaint.  In most instances

25  the moving party should agree to any amendment that would cure the defect.

26       b.  <u>Motions to Amend</u>:  In addition to the requirements of Local Rule 15-1,

27  all motions to amend pleadings shall: (1) state the effect of the amendment; (2) be

28                                          5

serially numbered to differentiate the amendment from previous amendments; and (3) state the page and line number(s) and wording of any proposed change or addition of material.

The parties shall deliver to Chambers a "redlined" version of the proposed amended pleading indicating all additions and deletions of material.

c.     Summary Judgment Motions:  Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. However, the court expects that the party moving for summary judgment will provide more than the minimum twenty-one (21) day notice for motions.  Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the court in absorbing the mass of facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.).  The parties are to comply precisely with Local Rule 56-1 through 56-4.

1.     Statement of Undisputed Facts and Statement of Genuine Issues:

The separate statement of undisputed facts shall be prepared in a two-column format.  The left hand column sets forth the allegedly undisputed fact.  The right hand column sets forth the evidence that supports the factual statement.  The factual statements should be set forth in sequentially numbered paragraphs.  Each paragraph should contain a narrowly focused statement of fact.  Each numbered paragraph should address a single subject as concisely as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared.  The left hand column must restate the allegedly undisputed fact, and the right hand column must state either that it is undisputed or disputed.  The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed, followed by the opposing party's evidence controverting the fact.  The court will not wade through a document to determine

whether a fact really is in dispute.  To demonstrate that a fact is disputed, the opposing party must briefly state why it disputes the moving party's asserted fact, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact.  No legal argument should be set forth in this document.

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement.  These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right hand column the evidence that supports that statement.

2.  <u>Supporting Evidence</u>:  No party shall submit evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact.  For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statement shall not be submitted in support of opposition to a motion for summary judgment.  The court will not consider such material.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the memorandum of points and authorities.  The court will accept counsel's authentication of deposition transcripts, written discovery responses and the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance.  Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish authenticity.

3.     <u>Objections to Evidence</u>:  If a party disputes a fact based in whole or in  part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in a separate statement but not argued in that document.

**7.     Proposed Orders**.  Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a proposed order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations.

**8.     Mandatory Chambers Copies**: Mandatory chambers copies of all filed motions, oppositions or notice of non-opposition, and replies must be delivered to Judge Gutierrez' chambers on the seventh floor not later than 12:00 noon the following business day.  For security reasons, mandatory chambers copies should be removed from envelopes or folders before placing them on the table.

**9.     Telephonic Hearings.**  The Court does not permit appearances or arguments by way of telephone conference calls.

**10.    Ex Parte Applications**.  The Court considers ex parte applications on the papers and does not usually set these matters for hearing.  If a hearing is necessary, the parties will be notified.  Ex parte applications are solely for extraordinary relief and should be used with discretion.  Sanctions may be imposed for misuse of ex parte applications.  *See Mission Power Engineering Co. v. Continental Casualty Co.,* 883 F.Supp. 488 (C.D. Cal. 1995).

Counsel's attention is directed to Local Rules.  The moving party shall serve the opposing party by facsimile transmission and shall notify the opposition that opposing papers must be filed not later than 3:00 p.m. on the first business day following such facsimile service.  If counsel does not intend to oppose an ex parte application, he or she must inform the Courtroom Deputy Clerk at (213) 894-8899.

**11.    TROs and Injunctions**.  Parties seeking emergency or provisional

relief shall comply with Rule 65 and Local Rule 65.  The Court will not rule on any application for such relief for at least twenty-four hours after the party subject to the requested order has been served, unless service is excused.  Such party may file opposing or responding papers in the interim.

**12.** **Continuances**.  This Court has a strong interest in keeping scheduled dates certain.  Changes in dates are disfavored.  Trial dates set by the Court are firm and will rarely be changed.  Therefore, a stipulation to continue the date of any matter before this Court **must** be supported by a sufficient basis that demonstrates good cause why the change in the date is essential.  Without such compelling factual support, stipulations continuing dates set by this Court will not be approved.  Counsel requesting a continuance must lodge a proposed stipulation and order including a **detailed** declaration of the grounds for the requested continuance or extension of time.  Failure to comply with the Local Rules and this Order will result in rejection of the request without further notice to the parties.  Proposed stipulations extending scheduling dates do not become effective unless and until this Court so orders.  Counsel wishing to know whether a stipulation has been signed shall comply with the applicable Local Rule.

**13.** **Communications with Chambers**.  Counsel shall not attempt to contact the Court or its staff by telephone or by any other ex parte means.  Counsel may contact the Courtroom Deputy Clerk with appropriate inquiries only.  Counsel shall not contact the Courtroom Deputy regarding status of ex parte application/ruling or stipulation/ruling.  If counsel desires a conformed copy of any proposed order submitted to the Court, counsel shall provide an extra copy of the document, along with a self-addressed, stamped envelope.  Counsel should list their facsimile transmission numbers along with their telephone numbers on all papers to facilitate communication with the Courtroom Deputy.

**14.** **Order Setting Scheduling Conference.**  Pursuant to

Fed. R. Civ. P.16(b), the Court will issue an Order setting a Scheduling Conference as required by Fed. R. Civ. P. 26 and the Local Rules of this Court.  Strict compliance with Fed. R. Civ. P. 16 and 26 is required.

     **15.**    **<u>Notice of this Order</u>**.  Counsel for plaintiff or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action.  If this case came to the Court by a Petition for Removal, the removing defendant(s) shall serve this Order on all other parties.


DATED:     May 13, 2009

                                                          _____
                                                          PHILIP S. GUTIERREZ
                                                          United States District Judge