1 | Jon F. Hamilton, SBN# 232559
**FERGUSON, PRAET & SHERMAN**
2 | A Professional Corporation
1631 East 18th Street
3 | Santa Ana, California  92705-7101
(714) 953-5300 Telephone
4 | (714) 953-1143 Facsimile
jhamilton@law4cops.com
5 |
6 | Attorneys for Defendant, City of El Monte

7 | UNITED STATES DISTRICT COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 | MICHAEL PROVIDENTE,                              )   NO. CV09-3327 PSG (JWJx)
                                                    )
10 |                  Plaintiff,                     )   **DEFENDANT, CITY OF EL**
                                                    )   **MONTE'S NOTICE OF**
11 |            vs.                                  )   **MOTION AND MOTION TO**
                                                    )   **DISMISS PLAINTIFF'S**
12 | CITY OF EL MONTE, A Public Entity;              )   **COMPLAINT**
KEN WELDON, individually and in his                )
13 | capacity as Chief of Police; TOM                )
ARMSTRONG, individually and in his                 )   **DATE:      July 27, 2009**
14 | capacity as Assistant Chief of Police;          )   **TIME:      1:30 pm**
STEVE SCHUSTER, individually and in                )   **CTRM:      790**
15 | his capacity as a Police Captain; CRAIG         )   **JUDGE:     Philip S. Gutierrez**
SPERRY, individually and in his capacity            )
16 | as a Police Captain; SANTOS                     )
HERNANDEZ, individually and in his                 )
17 | capacity as a Police Lieutenant; MARTY          )
PENNEY, individually and in his                    )
18 | capacity as a Police Lieutenant;                )
Lieutenant ROBERT ROACH,                           )
19 | individually and in his capacity as a           )
Police Lieutenant, and DOES 1                      )
20 | THROUGH 10 INCLUSIVE,                           )
                                                    )
21 |                  Defendants.                    )
                                                    )
22 | _____ )

23 | TO PLAINTIFF AND HIS COUNSEL OF RECORD:

24 |        Please take notice, and notice is hereby given, that Defendant, City of El Monte

25 | and/or any individually named and served El Monte officers will, and hereby do,

26 | move to dismiss the Complaint against them pursuant to F. R. Civ. P. Rule 12(b)(6).

27 | The motion will be heard by this Court at its customary location on July 27, 2009, at

28 | 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 790 in the

1  United States District Court located at 255 E. Temple Street, Los Angeles, California
2  90012, before the Honorable Philip S. Gutierrez.

3  Pursuant to Local Rule 7-3, counsel for Defendant attempted to meet and confer
4  with Plaintiff's Counsel on Tuesday, June 23, 2009 by way of telephone call, left a
5  message, and then followed up with a letter. Defendant's counsel received a letter
6  from Plaintiff's counsel on Wednesday, June 24, 2009 (letter is dated June 23, 2009
7  but faxed after hours to Defendant's counsel's office), indicating a willingness to meet
8  and confer. On Thursday, June 25, Defendant's counsel again tried to meet and confer
9  via telephone with Plaintiff's counsel and was only able to leave a message requesting
10 that she contact Defendant's counsel by close of business Friday, June 26, 2009. As
11 of the date of signing this Notice of Motion, Plaintiff's counsel did not contact
12 Defendant's counsel.

13

14 Dated: June 26, 2009                    Respectfully submitted,

15

16                                         FERGUSON, PRAET & SHERMAN
                                           A Professional Corporation
17

18                             By:         ___/s/ Jon F. Hamilton_____
                                           Jon F. Hamilton
19                                         Attorneys for Defendant, City of El Monte

20

21

22

23

24

25

26

27

28

---

1

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . 1

1.    <u>PREFACE</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2.    <u>FACTS.</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    In General . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    B.    Facts That Are Within Two Years of Filing the Complaint:  . . . . . . . 2

    C.    Facts That Are Within One Year of Filing the Complaint:  . . . . . . . . 4

3.    <u>ARGUMENT</u>  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    Seventh Cause of Action: Violation of the Americans
        with Disabilities Act 42 U.S.C. § 12101. . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Eighth Cause of Action: Violation of the Civil Rights
        Act 42 U.S.C. § 1982 (Freedom of Speech). . . . . . . . . . . . . . . . . . . . 6

    C.    Dismissal of the Remaining State Claims. . . . . . . . . . . . . . . . . . . . . . 8

4.    <u>CONCLUSION</u>. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

1

# **TABLE OF AUTHORITIES**

2

## ***CASES***

3
  *Conley v. Gibson* (1957)
          355 U.S. 41 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4

5
  *Johnson v. Railway Express Agency, Inc.* (1975)
          421 U.S. 454 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

6
  *Jones v. Blanas* (9th Cir. 2004)
          393 F.3d 918 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7

8
  *Kramer v. Regents of the University of California* (N.D. Cal. 1999)
          81 F.Supp.2d 972 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9
  *Navarro v. Block* (9th Cir. 2001)
          250 F.3d 729 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10

11
  *Pickern v. Holiday Quality Foods* (9th Cir. 2002)
          293 F.3d 1133 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

12
  *Robertson v. Dean Witter Reynolds, inc.* (9th Cir. 1984)
          749 F.2d 530 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

13

14
  *United States ex rel. Chunie v. Ringrose* (9th Cir. 1986)
          788 F.2d 638 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15
  *Usher v. City of Los Angeles* (9th Cir. 1987)
          858 F.2d 556 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

16

17
  *Western Mining Council v. Watt* (9th Cir. 1981)
          643 F.2d 618
          cert. denied, 454 U.S. 1031 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18

19
  *Western Reserve Oil & Gas Co. v. New* (9th Cir. 1985)
          765 F.2d 1428
          cert. denied, 474 U.S. 1056 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

20

21
  *Wilson v. Garcia* (1985)
          471 U.S. 261 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

22

23

## ***STATUTES***

24
  42 United States Code, section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7

25
  28 United States Code, section 1367(c)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

26
  42 United States Code, section 12101, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . 1, 5

27
  42 United States Code, section 1982 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28
  <u>California Code of Civil Procedure</u>, section 340(3) . . . . . . . . . . . . . . . . . . . . . . . 7

1

2 ***<u>OTHER</u>***

3 <u>Federal Rules of Civil Procedure</u> 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **1.   PREFACE.**

The Plaintiff filed his Complaint on May 11, 2009 with two federal question causes of action, which would generally give this Court jurisdiction over this matter. Specifically, in the Plaintiff's Seventh Cause of Action, he alleges a violation of the Americans with Disabilities Act pursuant to 42 U.S.C § 12101, *et seq.*, and in his Eighth Cause of Action, he alleges a violation of his Civil Rights pursuant to 42 U.S.C. § 1983.  The other causes of action, the First through Sixth Cause of Action, are brought pursuant to California State law.  It is the assertion of the Defendant that both federal question causes of action are barred by the applicable statute of limitations.

### **2.   FACTS.**

#### **A.   In General**

The Plaintiff filed his Complaint on May 11, 2009, and has alleged an exhaustive account of facts in support of his allegations against all Defendants. (Complaint, pages 7-16, ¶¶ 36-80).  However, as will be argued below, of importance here to the maintenance of any federal question cause of action are those facts one year (for an action maintained under the American with Disabilities Act) and two years (for an action maintained under 42 U.S.C. § 1983) prior to the date this action was filed.

The Plaintiff's allegations begin from the date of his hire as a peace officer with the City of El Monte in November 1995 and then alleges a series of facts in support of his allegations occurring in 1997 and 1998, the summer of 2000, during a dating relationship he had with a dispatcher in or around 2001-2003, an incident involving a 20-year civilian employee in April 2006, issues involving the El Monte Police Officers' Association and Measure "P" in 2006, an internal affairs investigation in 2006, an audit of the El Monte Police Department caused by the Plaintiff in January 2007, the initiation of an internal affairs investigation against Plaintiff in April 2007,

among many other things.  These facts, all more than two years, are used to support all of the Plaintiff's causes of action and consume five (5) pages of the Complaint. (Complaint, pages 7-13).

**B.     Facts That Are Within Two Years of Filing the Complaint:**

The following is a list of significant facts asserted by the Plaintiff as occurring within two years of the filing of the present Complaint:

> (1)     On or about July 1, 2007, Plaintiff placed in "Band 1" for upcoming open Lieutenant positions.  (Complaint, ¶ 60).
>
> (2)     On September 10, 2007, ROACH ordered Plaintiff to surrender his Department-issued cell phone and informed Plaintiff that he was the focus of an upcoming Internal Affairs investigation. ROACH also informed Plaintiff that the DEPARTMENT would be conducting a search of the Plaintiff's locker.  Even though Plaintiff asked ROACH to inform him of the nature of the Internal Affairs investigation or the reason for the locker search, ROACH refused to answer him.  (Complaint, ¶ 61).
>
> (3)     On or about September 13, 2007, after a meeting with SCHUSTER and ROACH, Plaintiff was placed on paid administrative leave.  Plaintiff again requested information concerning the nature of the Internal Affairs investigation or the reason for the locker search and was again denied.  (Complaint, ¶ 62).
>
> (4)     Despite Plaintiff's repeated requests for information, it was not until November 2007 that the DEPARTMENT informed Plaintiff of the allegations against him.  They included baseless and retaliatory charges against him, including, *inter alia*, sleeping on duty, early departure of duty times, playing baseball and conduct unbecoming a police officer.  (Complaint, ¶ 64).

(5)     On or about January 8, 2008, Plaintiff was removed from duty pending an MRI of his lower back. (Complaint, ¶ 65).

(6)     On or about February 6, 2008, Plaintiff was given a notice of "Intent to Terminate" and a *Skelly* package from Lieutenant Dan Buehler and Sergeant Dan Reneer while he was at Methodist Hospital... (Complaint, ¶ 66).

(7)     On or about March 13, 2008, ...an agent on behalf of the CITY, made the following contractual offer to Plaintiff:  Plaintiff would accept a medical retirement in lieu of any discipline arising out of his employment with CITY...  (Complaint, ¶ 69).

(8)     On or about March 14, 2008, Plaintiff timely accepted CITY'S offer of medical retirement and relayed it to Palmer.  Palmer then instructed Plaintiff to contact ARMSTRONG to begin the medical retirement process.    Plaintiff did as Palmer instructed. ARMSTRONG then instructed Plaintiff to obtain a "Permanent & Stationary" report from a doctor and told Plaintiff that he would mail him a PERS retirement packet along with an e-mail with information and further instructions.  ARMSTRONG also told Plaintiff, "The medical retirement was not my idea and was offered by WELDON.  I would have pursued recommendation of Internal Affairs and proceeded with termination."  (Complaint, ¶70).

(9)     On or about March 26, 2008, after Plaintiff had accepted CITY'S offer of medical retirement, ARMSTRONG informed Plaintiff that the medical retirement process was "...too lengthy and may take six to nine months." Armstrong purported to rescind CITY'S offer and told Plaintiff DEPARTMENT would proceed with his termination unless Plaintiff resigned.  Plaintiff refused to resign.

(Complaint, ¶ 71).

(10)   On or about April 15, 2008, Plaintiff was unlawfully terminated. (Complaint, ¶ 73).

**C.    Facts That Are Within One Year of Filing the Complaint:**

The following is a list of significant facts asserted by the Plaintiff as occurring within one year of the filing of the present Complaint:

(1)   On or about September 25, 2008 Plaintiff timely submitted a Tort Claim concerning the aforementioned activities.   (Complaint, ¶74).

(2)   To date, Defendants have not responded to the Tort Claim, even though Plaintiff submitted a query requesting they respond to same.   (Complaint, ¶ 75).

(3)   On or about March 13, 2008 [sic] Plaintiff timely submitted a Second Tort Claim concerning CITY'S bad faith failure and refusal to ensure that Plaintiff's PERS retirement was processed, a discovery Plaintiff became aware of on or about December 4, 2008.   (Complaint, ¶ 76).

(4)   To date, Defendants have not responded to the Second Tort Claim. (Complaint, ¶ 77).

**3.   ARGUMENT.**

A motion to dismiss under <u>Federal Rules of Civil Procedure</u> 12(b)(6) tests the legal sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  A complaint may be dismissed as a matter of law for one of two reasons:  "(1) lack of cognizable legal theory or (2) insufficient facts stated under a cognizable theory." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court "must

presume all factual allegations in the complaint to be true and draw all reasonable inferences in favor of the non-moving party." *Usher v. City of Los Angeles*, 858 F.2d 556, 561 (9th Cir. 1987) (citing *Western Reserve Oil & Gas Co. v. New*, 765 F.2d 1428, 1430 (9th Cir. 1985) cert. denied, 474 U.S. 1056 (1986)).  However, the court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981)).

The Defendants challenge the sufficiency of each of the Plaintiff's federal question causes of action on the ground that the statutes of limitations bar all of the claims.  The Supreme Court has held that in the absence of a federal statute of limitations for claims arising under the Civil Rights Acts of 1866 and 1871, state law provides the controlling statute of limitations.  *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 462 (1975).  The federal courts must apply the most appropriate or analogous state statute of limitations by determining whether the application of that limitations period is consistent with the federal statute and its underlying policies. *Kramer v. Regents of the University of California*, 81 F.Supp.2d 972, 973 (N.D. Cal. 1999).  Thus, as applied, the statute of limitations, as discussed below, apply and the federal causes of action must be dismissed with prejudice.

**A.    Seventh Cause of Action: Violation of the Americans with Disabilities Act 42 U.S.C. § 12101.**

The Plaintiff, Michael Providente's, Seventh Cause of Action for a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, is time barred. While the ADA creates the cause of action that Plaintiff desires to pursue, the ADA does not contain a specific statute of limitations.  The Ninth Circuit has applied California's one-year limit for personal injury actions to federal disability discrimination claims. *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1137 (9th Cir. 2002).  Because the Plaintiff filed this present action on May 11, 2009, any

conduct by the Defendants, for which the Plaintiff complains, must have occurred on or after May 11, 2008.

A review of the Complaint reveals that there were no actions taken by any of the Defendants towards the Plaintiff, this despite the Plaintiff filing two separate Tort Claims pursuant to the California Tort Claims Act.  In fact, the Plaintiff complains in this Complaint about the fact that the Defendants took no action in regards to his Tort Claims.  (Complaint, ¶¶ 74-77).

While Plaintiff's Complaint is rather unclear as to what actions by the Defendants, and by which Defendants such actions were taken, that substantiate his ADA Cause of Action, it can only be presumed that it may have been his removal from duty on January 8, 2008 that led to his termination on February 6, 2008. (Complaint, ¶¶ 65-66).  In that case, the Plaintiff's ADA Cause of Action should have been filed no later than February 6, 2009.  Perhaps it was when the City rescinded an offer of medical retirement on March 26, 2008, opting instead to terminate the Plaintiff on April 15, 2008.  (Complaint, ¶¶ 71-73).  In that case, the ADA Cause of Action should have been filed no later than April 15, 2009.  In any event and taking the most recent date of April 15, 2009, the Plaintiff did not file this present action until May 11, 2009.  Thus, the ADA claim is barred by the statute of limitation and, accordingly, it is respectfully requested that this cause of action be dismissed with prejudice.

**B.     Eighth Cause of Action: Violation of the Civil Rights Act 42 U.S.C. § 1982 (Freedom of Speech).**

The Plaintiff, Michael Providente's, Eighth Cause of Action for a violation of the Civil Rights Act, 42 U.S.C. § 1983, is time barred.  While Section 1983 creates the cause of action that Plaintiff desires to pursue, there are no federal statute of limitations for claims brought under 42 U.S.C. § 1983.  However, the United States Supreme Court has held that because Section 1983 actions are best characterized as an action for the injuries to personal rights, courts should apply the state statute of

limitations that applies to personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1985) (also see *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004)). Effective January 1, 2003, California's statute of limitations for personal injury actions was increased from one to two years. *Jones v. Blanas,* 393 F.3d at 927 (citing California Code of Civil Procedure § 340(3)). Because the Plaintiff's Complaint was filed on May 11, 2009, the statute of limitations would encompass the two years prior to that date. Perhaps better stated, any cause of action based upon 42 U.S.C. § 1983 must arise between May 11, 2007 to May 11, 2009.

While Plaintiff's Complaint is full of facts, only those facts contained in Paragraphs 60 to 77 would contain any events occurring within this necessary time period. A review of these facts reveal that the Plaintiff was under an administrative investigation that led to the decision of the El Monte Police Department to notify the Plaintiff of its intent to terminate him. It then appears that some settlement discussions took place between the Plaintiff's labor counsel and the El Monte Police Department before the decision was made to terminate the Plaintiff's employment. There is nothing at all alleged during this necessary time frame where Plaintiff exercised his Freedom of Speech. Specifically, the Plaintiff does not allege he said anything during this time period.

However, looking at Plaintiff's assertions of when he did exercise his freedom of speech, it appears that the last exercise of his freedom of speech was in January 2007 or February 2007, when the Plaintiff was instrumental in an audit of the Department and was part of a union meeting where he raised his concerns about the Department's use of GPS systems to discipline officers. (Complaint, ¶¶ 55-56). As a result of this speech, it appears that the first alleged retaliatory action by the Defendants was the Plaintiff's reassignment to patrol on March 1, 2007. (Complaint, ¶57). If such is the date for accrual purposes that the Defendants first took retaliatory action against Plaintiff for his exercise of his freedom of speech, then he would have had to file this present action no later than March 1, 2009.

However, it also appears that in February-March 2007, the Plaintiff was instrumental in getting new general counsel for the El Monte Police Officers' Association that displeased the City of El Monte. (Complaint, ¶ 58). It is then alleged in the next paragraph: "On April 28, 2009, HERNANDEZ initiated a baseless Internal Affairs investigation of Plaintiff for allegedly "sleeping on duty." HERNANDEZ, ROACH and BUEHLER began surveiling Plaintiff every night during Plaintiff's graveyard shift." (Complaint, ¶ 59). Based upon the Plaintiff's own complaint, he recognized at this time that a "baseless" internal affairs investigation had initiated against him, presumably as a result of exercising his freedom of speech. Thus, applying the two-year statute of limitations, the last date to file a Section 1983 claim based off of any exercise of Plaintiff's freedom of speech would have been April 28, 2009. Because Plaintiff filed this present action after that date, he is time barred from asserting a Section 1983 claim against these Defendants. Accordingly, it is requested that the Section 1983 claim be dismissed with prejudice.

**C.     Dismissal of the Remaining State Claims.**

Assuming that this Court agrees with the Defendants' assertions that the two federal question causes of action are time barred and should be dismissed with prejudice, the only remaining causes of action are brought pursuant to California State law. While the Court shall have supplemental jurisdiction over the related state claims, the Court may decline to further exercise supplemental jurisdiction over the state claims if "...the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). If the Court has dismissed the two causes of action over which it has original jurisdiction, it is hereby respectfully requested that the Court refuse to exercise supplemental jurisdiction over the remaining state causes of action and dismiss these remaining state causes of action.

/ / /

/ / /

/ / /

**4.**   **CONCLUSION.**

Because the Plaintiff's ADA Cause of Action and his Civil Rights Act Cause of Action are time barred, it is respectfully requested that these two causes of action be dismissed with prejudice.  Because the remaining causes of action arise under state law, it is respectfully requested that the Court decline to exercise supplemental jurisdiction over these claims and dismiss the remaining causes of action.


Dated: June 26, 2009                    Respectfully submitted,


                                        FERGUSON, PRAET & SHERMAN
                                        A Professional Corporation

                               By:      /s/ Jon F. Hamilton
                                        Jon F. Hamilton
                                        Attorneys for Defendant, City of El Monte

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I, Michele Koller, employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California  92705-7101.

On June 30, 2009, served the **DEFENDANT, CITY OF EL MONTE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**Rana M. Kawar**
**LACKIE, DAMMEIER & McGILL, APC**
**367 North Second Avenue**
**Upland, California 91786**
**Phone 909-985-4003**
**Fax 909-985-3299**
**Email rkawar@bjslawfirm.com**

____   (By Mail)  I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX   (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

____   (By Personal Service) I caused such envelope to be delivered by hand to the office of the addressee.

____   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

XXX   (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 30, 2009, at Santa Ana, California.

_____/s/ Michele Koller_____
Michele Koller