Dieter C. Dammeier SBN. 188759
Michael A. McGill, Esq.   SBN 231613
Rana M. Kawar, Esq.       SBN 244341
LACKIE, DAMMEIER & MCGILL APC
367 North Second Avenue
Upland, California 91786
Telephone:  (909) 985-4003
Facsimile:   (909) 985-3299

Attorneys for Plaintiff
MICHAEL PROVIDENTE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EL MONTE

| | |
|---|---|
| MICHAEL PROVIDENTE,<br><br>     Plaintiff,<br><br>  vs.<br><br>CITY OF EL MONTE, A Public Entity; KEN WELDON, individually and in his capacity as Chief of Police; TOM ARMSTRONG, individually and in his capacity as the Assistant Chief of Police; STEVE SCHUSTER, individually and in his capacity as a Police Captain; CRAIG SPERRY, individually and in his capacity as a Police Captain; SANTOS HERNANDEZ, individually and in his capacity as a Police Lieutenant; MARTY PENNEY, individually and in his capacity as a Police Lieutenant; Lieutenant ROBERT ROACH, , individually and in his capacity as a Police Lieutenant and DOES 1 THROUGH 10 INCLUSIVE;<br><br>     Defendants | Case No.: CV 09-3327 PSG (JWJx)<br><br>**OPPOSITION TO DEFENDANT, CITY OF EL MONTE'S MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  July 27, 2009<br>Time: 1:30 p.m.<br>Dept:  790<br>Judge: Hon. Philip S. Gutierez |

  Plaintiff, MICHAEL PROVIDENTE, respectfully submits the following Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss the Complaint.

Contrary to Defendant's claims, Plaintiff has met his rather low burden to defeat this motion *at this early pleading stage*.  Thus, Defendant's motion must be denied its entirety as a matter of law.  Further, although Plaintiff's Complaint sufficiently demonstrates each of his causes of action in order to enable this case to proceed, should this Court be inclined to grant any part of Defendant's Motion, Plaintiff respectfully requests an opportunity to amend.

## I.   STATEMENT OF FACTS

The Complaint is exhaustive in its detail about the unlawful acts that form the basis of this action, and as such, Plaintiff will not belabor this Opposition nor waste this Court's time by repeating such facts here, but rather, incorporates said Complaint, by reference.

## II.   STANDARD OF REVIEW

In civil rights cases, a motion to dismiss must be scrutinized with care, and construing the pleadings liberally is particularly important in such cases.  Johnson v. State of Calif., 207 F. 3d 650, 653 (9th Cir. 2000).  The motion to dismiss, pursuant to FRCP 12(b)(6), tests the legal sufficiency of the claims stated in the complaint.  The Court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy.  Unless the answer is unequivocally "no," the motion must be denied.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Thus, a Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F. 2d 696, 699 (9th Cir. 1990).

"The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Gilligan v. Jamco Develop. Corp., 108 F. 3d 246, 249 (9th Cir. 1997).  A 12(b)(6) dismissal is proper only in "extraordinary" cases.  United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).  In reviewing a Rule

12(b)(6) motion, the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. <u>Pareto v. F.D.I.C.</u>, 139 F. 3d 696, 699 (9th Cir. 1998).  With ambiguous inferences, the Court must adopt whichever inference supports a valid claim. <u>Columbia Natural Resources, Inc. v. Tatum</u>, 58 F. 3d 1101, 1109 (6th Cir. 1995).

## III.   <u>ARGUMENT</u>

### A.   <u>PLAINTIFF'S SEVENTH CAUSE OF ACTION IS TIMELY UNDER THE DOCTRINE OF EQUITABLE TOLLING</u>

While it is true that the Ninth Circuit has applied California's one-year limit for personal injury actions to federal disability discrimination claims, Federal law, determines when a claim accrues, and thus, when the applicable limitations period begins to run.  <u>Bagley v. CMC Real Estate Corp.</u>, 923 F.2d 758, 760 (9th Cir. 1991); <u>Gibson v. United States</u>, 781 F.2d 1334, 1340 (9th Cir. 1986); <u>Venegas v. Wagner</u>, 704 F.2d 1144, 1145 (9th Cir. 1983).  A cause of action accrues under federal law as soon as a potential claimant either is aware of should be aware of the existence and source of his injury.  <u>Lee v. United States</u>, 809 F.2d 1406, 1410 (9th Cir. 1987); <u>Bagley</u>, 923 F.2d at 760.

In the instant case, the statute of limitations for the Seventh cause of action was equitably tolled while Plaintiff pursued his reinstatement in his administrative appeal.  "[A]long with the limitations period, the court borrows the state's equitable tolling rules…" for purposes of analyzing statute of limitations questions for violations of the Americans with Disabilities Act ("ADA").  <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131, 1135 (9th Cir. 2001) (en banc).

California's equitable tolling concept has its origins in the tension between the multiplicity of remedies that now face a party who has been injured (and hence, the plethora of available forums to seek recovery of those remedies) and the need

to "…engender smooth and functional adjudication" of claims.  <u>Elkins v. Derby</u>, 12 Cal.3d 410, 419-20 (1974).  The general purpose behind equitable tolling the limitations period is that "…if the defendant is not prejudiced thereby, the running of the limitations period is tolled 'when an injured person has several legal remedies and, reasonably and in good faith, pursues one'" before going forward on the next.  <u>Id</u>. at 414.  Equitable tolling is meant to counter "the inequality that a duplicative filing requirement might work upon an injured party," as it would lead to inefficient, awkward and laborious" proceedings and place an undue burden on the injured party: "If, in order to avert loss of his rights, an injured party is forced to initiate proceedings with both the compensation board and a superior court, he brings onerous burdens upon himself, his employer, and the already overtaxed judicial system."  <u>Id</u>. at 419-20.

In California, this animating purpose for equitably tolling the limitations period has been distilled into the following three part test: "[T]imely notice to the defendant in filing the first claim, lack of prejudice to defendant in gathering evidence to defend against the second claim, and good faith and reasonable conduct by the plaintiff in filing the second claim."  <u>Collier v. City of Pasadena</u>, 142 Cal.App.3d 917, 924 (1983).  The Ninth Circuit explained what is required to meet each of these elements in its <u>en banc</u> decision in <u>Daviton</u>.

1.    <u>Timely Notice</u>

"The first, timely notice, requires that plaintiff have filed the first claim within the statutory period" and that the claim must have "alert[ed] the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim."  <u>Daviton</u>, 241 F.3d at 1138.  Here, there is no question that Plaintiff timely appealed his termination by first seeking a <u>Skelly</u> hearing, and second requesting his administrative appeal.  This is not disputed.

Defendant may erroneously claim that *this* action was brought against different Defendant, somehow vitiating proper notice.  However, the wrong

1   Plaintiff sought to remedy in the administrative appeal encompasses the *very same*
2   *facts* that he now seeks to remedy in this action—namely, his unlawful
3   termination.  This feature, termed by the Ninth Circuit as symmetry, is not
4   essential, but is "typically" present when the timely notice requirement is met.
5   <u>Daviton</u>, 241 F.3d at 1138.  The California Supreme Court has even applied
6   equitable tolling without the benefit of such symmetry of parties and/or claims.
7   <u>Tu-Vu Drive In Corp. v. Davies</u>, 66 Cal.2d 435 (1967); <u>County of Santa Clara v.</u>
8   <u>Hayes Co.</u>, 43 Cal.2d 615 (1954).

9       Rather than focusing on the semantics of proving symmetry in claims and/or
10  parties, the Ninth Circuit noted that the ultimate deciding factor rests with the
11  purpose of underlying the timely notice requirement – were the Defendants able to
12  gather and collect the evidence needed to defend themselves in the present suit
13  from what occurred in the earlier filed suit:  "The state courts have not mandated a
14  specific type of notice.  In <u>Elkins</u>, the California Supreme Court strongly implied
15  that a defendant's interest in notice is to enable it to gather and preserve evidence.
16  When the 'notification purpose' of a statute of limitations is satisfied, the court
17  liberally applies tolling."  <u>Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.</u>,
18  707 F.2d 1030, 1034-5 (9th Cir. 1983).

19      Here, there is no question that the notification purpose was satisfied through
20  Plaintiff's filing of his administrative appeal.  As previously stated, the purpose of
21  the timely-notice requirement is so that Defendants may be put on sufficient notice
22  about the possibility of having to defend against the claim as later asserted and thus
23  understand the "need to investigate the facts" which later formed the basis of the
24  second suit.  Here, Defendants were aware of Plaintiff's contention that he was not
25  justly terminated as he timely filed an administrative appeal.  It is obvious that
26  such appeal simultaneously provided notice to Defendants of the potential for
27  litigation for the unlawful termination, pending an unfavorable resolution in the
28

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

administrative appeal.  There is simply no basis for Defendants to claim that they did not have proper notice of this action.

2.    Absence of Prejudice & Good Faith

The Defendants can make no real showing that allowing application of equitable tolling will prejudice them.  This is not surprising given that the second requirement is a natural outgrowth of the considerations underlying the first requirement.  "To satisfy the second requirement 'the facts of the two claims should be identical or at least so similar that defendants' investigation of the first claim will put him in a position to fairly defend the second.'"  Daviton, 241 F.3d at 1138.  The claims "need not be absolutely identical" to ensure that Defendants are not prejudiced by maintaining the second suit.  Id.  "So long as the two claims are based on essentially the same set of facts timely investigation of the first claim should put the defendant in position to appropriately defend the second.  Once he is in that position the defendant is adequately protected from stale claims and deteriorated evidence."  Collier, 142 Cal.App.3d at 925.

Because the administrative appeal encompasses the exact same facts and allegations contained within the present lawsuit, Defendant's investigation into the facts in defending against the administrative appeal of the termination adequately protected them from problems with stale claims and deteriorated evidence in the instant action.  Indeed, both suits involve the same set of facts and Defendants had ample opportunity to develop witnesses and uncover tangible evidence relating to the events surrounding Plaintiff's termination.

As for good faith and reasonable conduct, Plaintiff never misled Defendant about his intention to file or not file the present suit.  Rather, Plaintiff made it clear in his administrative appeal that he intended to file a lawsuit for his wrongful termination, and proceeded to file his lawsuit once it became clear that a quick resolution of the administrative appeal was unlikely due to the limitations of the schedules of the parties and arbitrator thereto.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT

Lastly, statute of limitations are designed to prevent "surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."  <u>Order of Railroad Telegraphers v. Railway Express Agency, Inc.</u>, 321 U.S. 342, 348-49 (1944).  Plaintiff's act in appealing his termination ensured that memories of witnesses to the circumstances relating to the termination have been recorded, and documentary and other forms of related evidence have been gathered and stored.  For these reasons, equitable tolling applies, and Plaintiff's claim is timely.

**B.**   **PLAINTIFF'S EIGTH CAUSE OF ACTION IS TIMELY AS THE STATUTE OF LIMITATIONS DOES NOT BEGIN TO ACCRUE UNTIL PLAINTIFF SUFFERS ACTIONABLE HARM**

A plaintiff must establish the following elements to succeed on a claim for retaliation in violation of the First Amendment: "(1) he or she engaged in protected speech; (2) [Defendants] took 'adverse employment action' [against him or her]; and (3) that his or her speech was a 'substantial or motivating' factor for the adverse employment action."  <u>Coszalter v. City of Salem</u>, 320 F.3d 5 968, 973 (9th Cir. 2003); <u>Ulrich v. City & County of San Francisco</u>, 308 F.3d 968, 976 (9th Cir. 2002).

California courts have long recognized that "[a] cause of action does not accrue until the party owning it is entitled to begin and prosecute an action thereon.  *It accrues at the moment when he has a legal right to sue on it, and not earlier*." (Emphasis added)  <u>Weinstock v. Eissler</u>, 224 Cal. App. 2d 212 (1964).  Defendant erroneously argues that, since Plaintiff's assertions of free speech occurred in March 2007, such actions triggered the running of the statute of limitations and required Plaintiff to file his Complaint on or before March 2009.  Defendant ignores the fact that, as of March 2007, Plaintiff did not yet suffer any adverse employment action, and therefore, the statute of limitations could not begin to accrue.  In the instant case, Plaintiff's adverse employment action occurred on or about April 15, 2008, when he was unlawfully terminated.

Accordingly, given the fact that Plaintiff's Complaint was filed on May 11, 2008, his claim for violation of §1983 is timely. Indeed, if Defendant's interpretation of the statute of limitations is adopted, employers could simply wait the requisite period of time from the date the "protected speech" occurs, to take the adverse employment action against an employee, thereby defeating an employee's ability to sue for violations of §1983. Such interpretation is illogical and contrary to the basic public policy behind promoting and protecting the fundamental right to free speech.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court deny Defendant's Motion to Dismiss in its entirety. However, if the Court is inclined to grant *any* portion of Defendant's Motion, Plaintiff respectfully requests leave to amend. See Fontana v. Haskin, 262 F.3d 871, 876-77 (9th Cir.2001) ("Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief."); accord Porten v. University of San Francisco, 64 Cal.App.3rd 825, 833 (1976) ("Mistaken labels and confusion of legal theory are not fatal; if appellant's complaint state a cause of action on any theory, he is entitled to introduce evidence thereon."); Haddock v. Bd. Of Dental Examiners of Calif., 777 F.2nd 462, 464 (9th Cir. 1985).

Dated:  July 13, 2009                LACKIE, DAMMEIER & MCGILL APC

                          By:    /s/ Michael A. McGill
                                 Michael A. McGill, Esq.
                                 Rana M. Kawar, Esq.
                                 *Attorneys for Plaintiff, Michael Providente*

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT