1   Jon F. Hamilton, SBN# 232559
    **FERGUSON, PRAET & SHERMAN**
2   A Professional Corporation
    1631 East 18th Street
3   Santa Ana, California  92705-7101
    (714) 953-5300 Telephone
4   (714) 953-1143 Facsimile
    jhamilton@law4cops.com
5
    Attorneys for Defendant, City of El Monte
6

7

8                      UNITED STATES DISTRICT COURT

9                     CENTRAL DISTRICT OF CALIFORNIA

10  MICHAEL PROVIDENTE,                )   NO. CV09-3327 PSG (JWJx)
                                       )
11          Plaintiff,                 )
                                       )
12          vs.                        )   **DEFENDANT, CITY OF EL**
                                       )   **MONTE'S ANSWER TO**
                                       )   **PLAINTIFF'S FIRST**
13  CITY OF EL MONTE, A Public Entity; )   **AMENDED COMPLAINT,**
    KEN WELDON, individually and in his )  **DEMAND FOR JURY TRIAL**
14  capacity as Chief of Police; TOM   )
    ARMSTRONG, individually and in his )
15  capacity as Assistant Chief of Police; )
    STEVE SCHUSTER, individually and in )
16  his capacity as a Police Captain; CRAIG )
    SPERRY, individually and in his capacity )
17  as a Police Captain; SANTOS        )
    HERNANDEZ, individually and in his )
18  capacity as a Police Lieutenant; MARTY )
    PENNEY, individually and in his capacity )
19  as a Police Lieutenant; Lieutenant ROBERT )
    ROACH, individually and in his capacity as )
20  a Police Lieutenant, and DOES 1    )
    THROUGH 10 INCLUSIVE,              )
21                                     )
            Defendants.                )
22  _____ )

23          COMES NOW the City of El Monte, Defendant herein, and answering the

24  unverified First Amended Complaint for itself alone, and for no other defendants and

25  pursuant to F.R.Civ.P., Rule 8, admit, deny and allege as follows:

26  / / /

27  / / /

28  / / /

---

▲ City of El Monte's Answer to
Π's First Amended Complaint                        No. CV09-3327 PSG (JWJx)

**PREFATORY**

1.     For answer to paragraph one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

**JURISDICTION AND VENUE**

2.     For answer to paragraph two, Defendant hereby admits that the Court has subject matter jurisdiction to hear this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3).

3.     For answer to paragraph three, Defendant admits that the federal court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.     For answer to paragraph four, Defendant admits that the Court may have authority to provide declaratory and injunctive relief in this case pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     For answer to paragraph five, Defendant admits that the venue is proper in the Central District of California because the alleged wrongs occurred within the City of El Monte, County of Los Angeles, California located in the Central District of California.

**PARTIES**

6.     For answer to paragraph six, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies same.

7.     For answer to paragraph seven, Defendant admits the allegations in said paragraph.

8.     For answer to paragraph eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

9.     For answer to paragraph nine, Defendant admits the allegations in said paragraph.

10.     For answer to paragraph ten, Defendant admits that Ken Weldon was employed as the Chief of Police for the City of El Monte Police Department;

however, for the remaining allegations, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies the remaining allegations.

11.    For answer to paragraph eleven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

12.    For answer to paragraph twelve, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

13.    For answer to paragraph thirteen, Defendant admits that Tom Armstrong was employed as the Assistant Chief of Police for the City of El Monte Police Department; however, for the remaining allegations, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies the remaining allegations.

14.    For answer to paragraph fourteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

15.    For answer to paragraph fifteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

16.    For answer to paragraph sixteen, Defendant admits that Steve Schuster was employed as a Captain for the City of El Monte Police Department; however, for the remaining allegations, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies the remaining allegations.

17.    For answer to paragraph seventeen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

18.    For answer to paragraph eighteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

19.    For answer to paragraph nineteen, Defendant admits that Craig Sperry was employed as a Captain for the City of El Monte Police Department; however, for the remaining allegations, Defendant lacks sufficient information to admit or deny the

allegations in said paragraph, and therefore denies the remaining allegations.

20.    For answer to paragraph twenty, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

21.    For answer to paragraph twenty-one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

22.    For answer to paragraph twenty-two, Defendant admits that Santos Hernandez was employed as a Lieutenant for the City of El Monte Police Department; however, for the remaining allegations, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies the remaining allegations.

23.    For answer to paragraph twenty-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

24.    For answer to paragraph twenty-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

25.    For answer to paragraph twenty-five, Defendant admits that Marty Penney was employed as a Lieutenant for the City of El Monte Police Department; however, for the remaining allegations, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies the remaining allegations.

26.    For answer to paragraph twenty-six, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

27.    For answer to paragraph twenty-seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

28.     For answer to paragraph twenty-eight, Defendant admits that Robert Roach was employed as a Lieutenant for the City of El Monte Police Department; however, for the remaining allegations, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies the remaining allegations.

29.     For answer to paragraph twenty-nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

30.     For answer to paragraph thirty, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

31.     For answer to paragraph thirty-one, Defendant admits that Dan Buehler was employed as a Lieutenant for the City of El Monte Police Department; however, for the remaining allegations, Defendant lacks sufficient information to admit or deny the allegations in said paragraph, and therefore denies the remaining allegations.

32.     For answer to paragraph thirty-two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

33.     For answer to paragraph thirty-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

34.     For answer to paragraph thirty-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

35.     For answer to paragraph thirty-five, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

/ / /

/ / /

**INFORMATION COMMON TO ALL COUNTS**

36.     For answer to paragraph thirty-six, Defendant admits the allegations in said paragraph.

37.     For answer to paragraph thirty-seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

38.     For answer to paragraph thirty-eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

39.     For answer to paragraph thirty-nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

40.     For answer to paragraph forty, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

41.     For answer to paragraph forty-one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

42.     For answer to paragraph forty-two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same

43.     For answer to paragraph forty-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

44.     For answer to paragraph forty-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

45.     For answer to paragraph forty-five, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies

same.

46.     For answer to paragraph forty-six, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

47.     For answer to paragraph forty-seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

48.     For answer to paragraph forty-eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

49.     For answer to paragraph forty-nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

50.     For answer to paragraph fifty, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

51.     For answer to paragraph fifty-one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

52.     For answer to paragraph fifty-two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

53.     For answer to paragraph fifty-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

54.     For answer to paragraph fifty-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

55.     For answer to paragraph fifty-five, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies

same.

56.   For answer to paragraph fifty-six, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

57.   For answer to paragraph fifty-seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

58.   For answer to paragraph fifty-eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

## FACTS REGARDING ADVERSE EMPLOYMENT ACTION SUFFERED BY PLAINTIFF

59.   For answer to paragraph fifty-nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

60.   For answer to paragraph sixty, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

61.   For answer to paragraph sixty-one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

62.   For answer to paragraph sixty-two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

63.   For answer to paragraph sixty-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

64.   For answer to paragraph sixty-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

65.   For answer to paragraph sixty-five, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

66.   For answer to paragraph sixty-six, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

67.   For answer to paragraph sixty-seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

68.   For answer to paragraph sixty-eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

69.   For answer to paragraph sixty-nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

70.   For answer to paragraph seventy, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

71.   For answer to paragraph seventy-one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

72.   For answer to paragraph seventy-two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

73.   For answer to paragraph seventy-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

74.   For answer to paragraph seventy-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies

1  same.

2       75.    For answer to paragraph seventy-five, Defendant lacks sufficient

3  information to admit of deny the allegations in said paragraph, and therefore denies

4  same.

5       76.    For answer to paragraph seventy-six, Defendant lacks sufficient

6  information to admit of deny the allegations in said paragraph, and therefore denies

7  same.

8       77.    For answer to paragraph seventy-seven, Defendant lacks sufficient

9  information to admit of deny the allegations in said paragraph, and therefore denies

10  same.

11  **FIRST CAUSE OF ACTION FOR DISABILITY DISCRIMINATION**

12  **CAL. GOVERNMENT CODE § 12940(a)**

13  ***AGAINST CITY ONLY***

14       78.    For answer to paragraph seventy-eight, Defendant lacks sufficient

15  information to admit of deny the allegations in said paragraph, and therefore denies

16  same.

17       79.    For answer to paragraph seventy-nine, Defendant lacks sufficient

18  information to admit of deny the allegations in said paragraph, and therefore denies

19  same.

20       80.    For answer to paragraph eighty, Defendant denies the allegations in said

21  paragraph.

22       81.    For answer to paragraph eighty-one, Defendant denies the allegations in

23  said paragraph.

24       82.    For answer to paragraph eighty-two, Defendant lacks sufficient

25  information to admit of deny the allegations in said paragraph, and therefore denies

26  same.

27  / / /

28  / / /

---

## SECOND CAUSE OF ACTION FOR RETALIATION

### CAL. LABOR CODE §§ 1101, 1102 and 1102.5

### *AGAINST CITY ONLY*

83.    For answer to paragraph eighty-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

84.    For answer to paragraph eighty-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

85.    For answer to paragraph eighty-five, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

86.    For answer to paragraph eighty-six, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

87.    For answer to paragraph eighty-seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

88.    For answer to paragraph eighty-eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

89.    For answer to paragraph eighty-nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

90.    For answer to paragraph ninety, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

/ / /

/ / /

## THIRD CAUSE OF ACTION FOR RALPH CIVIL RIGHTS ACT

## CAL. CIVIL CODE § 51.7

### *AGAINST ALL DEFENDANTS*

91.   For answer to paragraph ninety-one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

92.   For answer to paragraph ninety-two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

93.   For answer to paragraph ninety-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

94.   For answer to paragraph ninety-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

95.   For answer to paragraph ninety-five, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

96.   For answer to paragraph ninety-six, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

97.   For answer to paragraph ninety-seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

98.   For answer to paragraph ninety-eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

/ / /

99.    For answer to paragraph ninety-nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

100.    For answer to paragraph one hundred, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

### FOURTH CAUSE OF ACTION FOR BANE ACT VIOLATIONS

### CAL. CIVIL CODE § 52.1

### *AGAINST ALL DEFENDANTS*

101.    For answer to paragraph one hundred and one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

102.    For answer to paragraph one hundred and two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

103.    For answer to paragraph one hundred and three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

104.    For answer to paragraph one hundred and four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

105.    For answer to paragraph one hundred and five, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

106.    For answer to paragraph one hundred and six, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

/ / /

107.   For answer to paragraph one hundred and seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

108.   For answer to paragraph one hundred and eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same..

109.   For answer to paragraph one hundred and nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

## FIFTH CAUSE OF ACTION FOR UNION-BUSTING
## CAL. GOVT. CODE § 3302, 3309.5, 3502, 3506, 3508
### *AGAINST ALL DEFENDANTS*

110.   For answer to paragraph one hundred and ten, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

111.   For answer to paragraph one hundred and eleven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

112.   For answer to paragraph one hundred and twelve, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

113.   For answer to paragraph one hundred and thirteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

114.   For answer to paragraph one hundred and fourteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

/ / /

115.   For answer to paragraph one hundred and fifteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

116.   For answer to paragraph one hundred and sixteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

117.   For answer to paragraph one hundred and seventeen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

118.   For answer to paragraph one hundred and eighteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

## SIXTH CAUSE OF ACTION FOR FREE SPEECH VIOLATIONS

## CALIFORNIA CONSTITUTION, ARTICLE I, §§ 2, 3

### *AGAINST ALL DEFENDANTS*

119.   For answer to paragraph one hundred and nineteen, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

120.   For answer to paragraph one hundred and twenty, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

121.   For answer to paragraph one hundred and twenty-one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

122.   For answer to paragraph one hundred and twenty-two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

/ / /

123.   For answer to paragraph one hundred and twenty-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

124.   For answer to paragraph one hundred and twenty-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

## SEVENTH CAUSE OF ACTION FOR AMERICANS DISABILITIES ACT

### 42 U.S.C. § 1201, *et seq.*

### *AGAINST ALL DEFENDANTS*

125.   For answer to paragraph one hundred and twenty-five, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

126.   For answer to paragraph one hundred and twenty-six, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

127.   For answer to paragraph one hundred and twenty-seven, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

128.   For answer to paragraph one hundred and twenty-eight, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

129.   For answer to paragraph one hundred and twenty-nine, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

130.   For answer to paragraph one hundred and thirty, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

/ / /

**EIGHTH CAUSE OF ACTION CIVIL RIGHTS AND FREE SPEECH**

**42 U.S.C. § 1983**

***AGAINST ALL DEFENDANTS***

131.   For answer to paragraph one hundred and thirty-one, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

132.   For answer to paragraph one hundred and thirty-two, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

133.   For answer to paragraph one hundred and thirty-three, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

134.   For answer to paragraph one hundred and thirty-four, Defendant lacks sufficient information to admit of deny the allegations in said paragraph, and therefore denies same.

**FIRST AFFIRMATIVE DEFENSE**

135.   As and for a first, separate and distinct affirmative defense, this answering Defendant alleges that the Plaintiff is barred by the applicable statute of limitations for their claim.

**SECOND AFFIRMATIVE DEFENSE**

136.   As and for a second, separate and distinct affirmative defense, this answering Defendant alleges that the Plaintiff is barred from receiving any form of equitable relief by reason of his First Amended Complaint because an adequate remedy exists at law.

**THIRD AFFIRMATIVE DEFENSE**

137.   As and for a third, separate and distinct affirmative defense, this answering Defendant alleges that the intervening and superseding acts or omissions of persons or entities other than the Defendants, and for whose acts and omissions

Defendant is not responsible, proximately caused Plaintiff's alleged losses, injuries or damages described in the First Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

138.   As and for a fourth, separate and distinct affirmative defense, this answering Defendant alleges that Plaintiff's claim for Unlawful Retaliation is barred on the grounds that the Defendants had legitimate business reasons, which were not a pretext, for taking certain employment actions.

## FIFTH AFFIRMATIVE DEFENSE

139.   As and for a fifth, separate and distinct affirmative defense, this answering Defendant alleges that the Plaintiff's First Amended Complaint is barred or recovery limited or excluded by reason of Plaintiff's failure to mitigate his damages.

## SIXTH AFFIRMATIVE DEFENSE

140.   As and for a sixth, separate and distinct affirmative defense, this answering Defendant alleges that any actions taken by the Defendants against this Plaintiff, as alleged in the First Amended Complaint, were done in good faith and/or objective reasonableness for a legitimate business purpose.

## SEVENTH AFFIRMATIVE DEFENSE

141.   As and for a seventh, separate and distinct affirmative defense, this answering Defendant alleges that the disciplinary actions taken against the Plaintiff, as alleged in the First Amended Complaint, were justified and "but for" the allegations made by Plaintiff, would have resulted in the same discipline, since such discipline is based solely upon misconduct of the Plaintiff, to which he has admitted. Therefore, there is no 'causal connection' between the Plaintiff's allegations as outlined in his First Amended Complaint and the discipline he received for his admitted misconduct.

/ / /

/ / /

## EIGHTH AFFIRMATIVE DEFENSE

142. As and for an eighth, separate and distinct affirmative defense, this answering Defendant alleges that any discipline imposed upon the Plaintiff as a result of his misconduct were for legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE

143. As and for a ninth, separate and distinct affirmative defense, this answering Defendant alleges that the Plaintiff has failed to exhaust all administrative remedies available permitting him to file this present action.

## TENTH AFFIRMATIVE DEFENSE

144. As and for a tenth, separate and distinct affirmative defense, this answering Defendant alleges that, as for all causes of action brought pursuant to California State Law, the Plaintiff failed to comply with the California Tort Claims Act.

## ELEVENTH AFFIRMATIVE DEFENSE

145. As and for a eleventh, separate and distinct affirmative defense, this answering Defendant alleges that any speech exercised by the Plaintiff does not involve a matter of public concern.

## TWELFTH AFFIRMATIVE DEFENSE

146. As and for s twelfth, separate and distinct affirmative defense, this answering Defendants alleges that the First Amended Complaint fails to state a cause of action and/or claim against these Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

147. As and for a thirteenth, separate and distinct affirmative defense, this answering Defendant alleges that the City of El Monte and any City of El Monte employees referred to in the First Amended Complaint, at all times herein relevant, acted in good faith, without malice, and within the scope of their duties as police officers or investigators for the City of El Monte and as peace officers for the State of California.

1

### FOURTEENTH AFFIRMATIVE DEFENSE

2      148.   As and for a fourteenth, separate and distinct affirmative defense, this

3 answering Defendant alleges that to the extent that Plaintiff suffered any detriment,

4 such detriment was caused or contributed to by the acts and/or negligence of Plaintiff.

5

### FIFTEENTH AFFIRMATIVE DEFENSE

6      149.   As and for a fifteenth, separate and distinct and affirmative defense, this

7 answering Defendant alleges that the City of El Monte is not liable for punitive or

8 exemplary damages, in any sum, or at all.

9

### SIXTEENTH AFFIRMATIVE DEFENSE

10      150.   As and for a sixteenth, separate and distinct affirmative defense, this

11 answering Defendant alleges that a municipality is not a "person" within the meaning

12 of 42 U.S.C. §1983, and cannot, absent certain circumstances, be liable under that

13 section.

14

### SEVENTEENTH AFFIRMATIVE DEFENSE

15      151.   As and for a seventeenth, separate and distinct affirmative defense, this

16 answering Defendant alleges that Defendants acted in good faith and did not violate

17 any clearly established constitutional right of Plaintiff.

18

### EIGHTEENTH AFFIRMATIVE DEFENSE

19      152.   As and for an eighteenth, separate and distinct affirmative defense, this

20 answering Defendant alleges that any violation of Plaintiff's constitutional rights,

21 which these Defendants deny, was not pursuant to any custom, policy or practice of

22 Defendant City of El Monte.

23

### NINETEENTH AFFIRMATIVE DEFENSE

24      153.   As and for a nineteenth, separate and distinct affirmative defense, this

25 answering Defendant alleges that Plaintiff's allegations do not state a claim for the

26 deprivation of any right secured by the First Amendment to the United States

27 Constitution.

28 / / /

1

### TWENTIETH AFFIRMATIVE DEFENSE

2      154.   As and for a twentieth, separate and distinct affirmative defense, this

3  answering Defendant alleges that a public employee is not liable for injury caused by

4  his instituting or prosecuting any judicial or administrative proceeding within the

5  scope of employment, even if he acts maliciously and without probable cause.

6

### TWENTY-FIRST AFFIRMATIVE DEFENSE

7      155.   As and for a twenty-first, separate and distinct affirmative defense, this

8  answering Defendant alleges Plaintiff's allegations do not state a claim for a

9  deprivation of any as alleged in any cause of action.

10

### PRAYER

11     **WHEREFORE**, these Defendants pray for judgment against the Plaintiff

12  herein as follows:

13     1.     That Plaintiff's First Amended Complaint be dismissed with prejudice;

14     2.     That the Plaintiff take nothing by way of this First Amended Complaint

15  and that judgment be rendered in favor of the Defendants;

16     3.     That the Defendant be awarded its costs of suit incurred in the defense

17  of this action;

18     4.     That the Defendant be awarded reasonable attorneys' fees as may be

19  determined by the Court; and

20     5.     For such other and further relief as this Court may deem just and proper.

21

22  DATED: September 21, 2009            FERGUSON, PRAET & SHERMAN
                                         A Professional Corporation
23

24                               By:   __/s/ Jon F. Hamilton_____
                                         Jon F. Hamilton
25                                       Attorneys for Defendant, City of El Monte

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DEMAND FOR JURY TRIAL</u>

Defendant hereby demands a trial by jury in the above-referenced matter.

DATED: September 21, 2009          FERGUSON, PRAET & SHERMAN
                                   A Professional Corporation

                          By:    /s/ Jon F. Hamilton
                                 Jon F. Hamilton
                                 Attorneys for Defendant, City of El Monte

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

      I, Michele Koller, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California 92705-7101.

      On September 21, 2009, I served the foregoing **DEFENDANT, CITY OF EL MONTE'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

**Rana M. Kawar**
**LACKIE, DAMMEIER & McGILL, APC**
**367 North Second Avenue**
**Upland, California 91786**
**Phone 909-985-4003**
**Fax 909-985-3299**
**Email rkawar@bjslawfirm.com**

\_\_\_  (By Mail)  I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

XXX (By e-filing) The above noted individuals are registered with the Court to receive notice of electronically filed documents. Per ECF rules, hard copies must be served only on parties who are not set up for electronic notification.

\_\_\_  (By Personal Service) I caused such envelope to be delivered by hand to the office of the addressee.

\_\_\_  (By Overnight Delivery) I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.  [Airbill No. _____].

\_\_\_  (By Fax)  I caused to be sent via facsimile the document(s) herein listed to the office(s) of the parties indicated above.

XXX (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 21, 2009, at Santa Ana, California.

                          /s/ Michele Koller
                          Michele Koller