1  Jon F. Hamilton, SBN# 232559
   **FERGUSON, PRAET & SHERMAN**
2  A Professional Corporation
   1631 East 18th Street
3  Santa Ana, California  92705-7101
   (714) 953-5300 Telephone
4  (714) 953-1143 Facsimile
   jhamilton@law4cops.com
5
   Attorneys for Defendant, City of El Monte
6

7

8                 UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10  MICHAEL PROVIDENTE,                )  NO. CV09-3327 DMG (JCx)
                                       )
11          Plaintiff,                 )  **REPLY TO PLAINTIFF'S**
                                       )  **OPPOSITION TO THE CITY OF**
12          vs.                        )  **EL MONTE'S MOTION TO**
                                       )  **DISMISS PLAINTIFF'S**
13  CITY OF EL MONTE, A Public Entity; )  **COMPLAINT PURSUANT TO**
    KEN WELDON, individually and in his)  **F.R.C.P. 4(m) & 12(b)(5)**
14  capacity as Chief of Police; TOM   )
    ARMSTRONG, individually and in his )
15  capacity as Assistant Chief of Police;)  **DATE:**      **June 28, 2010**
    STEVE SCHUSTER, individually and in)  **TIME:**      **9:30 a.m.**
16  his capacity as a Police Captain; CRAIG)  **CTRM:**      **7**
    SPERRY, individually and in his capacity)  **JUDGE:**     **Dolly M. Gee**
17  as a Police Captain; SANTOS        )
    HERNANDEZ, individually and in his )  *[Filed concurrently with*
18  capacity as a Police Lieutenant; MARTY)  *Declaration of Jon F. Hamilton]*
    PENNEY, individually and in his    )
19  capacity as a Police Lieutenant;   )
    Lieutenant ROBERT ROACH,           )
20  individually and in his capacity as a)
    Police Lieutenant, and DOES 1      )
21  THROUGH 10 INCLUSIVE,              )
                                       )
22          Defendants.                )
    _____   )
23

24          With respect to what constitutes "good cause" for purposes of extending the

25  120 days permitted for timely service under Rule 4(m), a demonstration of good faith

26  on the part of the party seeking an enlargement of time is generally required, along

27  with some reasonable basis for the noncompliance with the time limitations set forth

28  in Rule 4(m). *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086,

1097 (3rd Cir. 1995).  While the Plaintiff attempts to argue that there is an additional requirement that the Defendants demonstrate some sort of prejudice, Rule 4(m) simply does not require such a demonstration.  Specifically, Rule 4(m) provides:

> "If service of summons and complaint is not made within 120 days after filing the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected with a specified time; provided that if plaintiff shows good cause for the failure, the court shall extend the time for service with an appropriate period..."

Rule 4(m)'s "good cause" standard is typically equated with "excusable neglect" under Rule 6(b)(2), which permits an extension of any expired deadline mandated by the Federal Rules of Civil Procedure upon such showing.  Some courts even consider whether the party opposing the Rule 4(m) motion has moved for more time under Rule 6(b) in deciding whether to grant dismissal under 4(m).  See *Television Signal Corp. v. City & County of San Francisco*, 193 F.R.D. 645, 646 (N.D. Cal. 2000).

In determining whether Plaintiff has met the "good cause" standard for justifying an extension of his time to serve the summons and complaint in the instant action, the primary focus should be on his reason for not complying with the time constraints of Rule 4(m) in the first place.  *Boley v. Kaymark*, 123 F.3d 756, 758 (3rd Cir. 1997).  The Plaintiff is asserts that he was misled to believe that all Defendants had been served based not upon the conduct of the Defendant(s) or counsel of the Defendant(s) but based upon the actions of his own attorney, Rana Kawar.  Specifically, the Declaration of Carolina Veronica Diaz states:

> "2.    The attorney in charge of handling the case, Rana Kawar, left the firm in or around March of 2010.  Partner,

Michael McGill, and myself were placed in charge of the case thereafter.

"3.     When I was placed on the case in or around March 2010, Michael McGill informed me that the individual Defendants had not been served. I was not aware of the non-service before I came on to the case in March 2010."

(Decl. of Diaz, ¶¶ 2-3).

While Ms. Diaz may not have been aware of the non-service, Mr. McGill certainly should have been. He has been the attorney of record in this matter since the inception of the case. As the Defendant indicated in the moving papers, it was the City of El Monte alone that filed the Rule 12(b)(6) motion to dismiss the original Complaint and the opposition filed by the Plaintiff was signed by Mr. McGill (see Document 10). While Ms. Diaz' declaration indicates that no one other than Ms. Kawar was working this case from the Plaintiff's counsel's office, such was not the case. Mr. McGill, a partner as indicated in the Declaration of Ms. Diaz, has been active in this case as well and certainly has a supervisory role over his associates.

While the Declaration of Diaz also indicates surprise on her part, counsel for the City of El Monte specifically had a conversation with Ms. Kawar on February 18, 2010, when she contacted Mr. Hamilton to discuss ineffective service. (See Declaration of Hamilton, ¶ 2 filed concurrently herewith). This discussion occurred a few days before the scheduled mediation, which occurred on February 23, 2010, wherein Mr. McGill participated as the attorney for the Plaintiff in those mediation discussions. (See Declaration of Hamilton, ¶ 3 filed concurrently herewith). Apparently, Ms. Kawar was still involved in the pending litigation as late as April 2, 2010 when she contacted Mr. Hamilton to discuss upcoming depositions and the breakdown of future mediation discussions. (See Declaration of Hamilton, ¶ 5 filed concurrently herewith).

/ / /

Again, the primary focus should be on the Plaintiff's reason for not complying with the time constraints of Rule 4(m). The Plaintiff has not demonstrated that there is any good reason other than trying to blame Ms. Kawar. While the Plaintiff contends that there would be no prejudice whatsoever to the individually named defendants if time were extended, such is not the case. The individually named defendants could be found individually liable and there is no requirement that the City of El Monte cover any judgment if one or all of these individually named defendants are found to have violated the Plaintiff's constitutional rights. Some of the individually named defendants are no longer employees of the City of El Monte.

The fundamental point here is that the Plaintiff failed to comply with Rule 4(m) and cannot demonstrate a good reason for not complying with the requirement that all defendants be served within 120 days. Thus, the burden is not on the Defendants to somehow demonstrate prejudice but rather the Plaintiff's burden to show "good cause." Accordingly, it is hereby requested that the Court grant the Defendant's Motion to Dismiss all individually named defendants.

Dated: June 14, 2010                    Respectfully submitted,

                                        FERGUSON, PRAET & SHERMAN
                                        A Professional Corporation

                              By:        /s/ Jon F. Hamilton
                                        Jon F. Hamilton
                                        Attorneys for Defendant, City of El Monte

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

    I, Michele Koller, employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action.  My business address is 1631 East 18th Street, Santa Ana, California  92705-7101.

4

5

    On June 14, 2010, served the **REPLY TO PLAINTIFF'S OPPOSITION TO THE CITY OF EL MONTE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 4(m) & 12(b)(5)** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

6

7

8

**Michael McGill**
**LACKIE, DAMMEIER & McGILL, APC**
**367 North Second Avenue**
**Upland, California 91786**
**Phone 909-985-4003**
**Fax 909-985-3299**
**Email mcgill@policeattorney.com**

9

10

11

12

____   (By Mail)  I placed such envelope for deposit in accordance with office practice, sealed, with postage thereon fully paid and the correspondence to be deposited in the United States mail at Santa Ana, California on the same day.

13

14

XXX  (By e-filing) I filed the document with the U.S. District Court via the CM/ECF system.  Per ECF rules all individuals registered with the Court to receive notice of electronically filed documents will be served via electronic mail to the e-mail address they have on file with the Court.  Any individual who has not consented to electronic service will be provided copies via U.S. Mail to the address specified by the Court in the Notice of Electronic Filing generated upon completion of the document filing.

15

16

17

18

____   (By Personal Service) I caused such envelope to be delivered by hand to the office of the addressee.

19

____   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20

21

XXX  (Federal)  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

22

23

Executed on June 14, 2010, at Santa Ana, California.

24

25

                    /s/ Michele Koller
                    Michele Koller

26

27

28

---